**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4770-17T1

D.A.,

     Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND
HEALTH SERVICES,

     Respondent-Respondent.

_____

Submitted December 3, 2019 – Decided January 2, 2020

Before Judges Hoffman and Firko.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2 Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jacqueline R. D'Alessandro, Deputy Attorney General, on the brief).

PER CURIAM

In this companion appeal, D.A., through his designated authorized representative (DAR), appeals the May 7, 2018 final agency decision of the Director of the Division of Medical Assistance and Health Services (DMAHS), establishing D.A.'s clinical eligibility date of June 1, 2017 and denying his request to backdate his clinical eligibility date to April 1, 2017. We affirm.

The facts are set forth in Docket No. A-2570-17. The court scheduled the matters back-to-back before the same panel. D.A. claims he was transferred from a long-term nursing facility in Camden County to a nursing facility in Burlington County, The Palace, in April 2017. Camden County terminated D.A.'s Medicaid benefits on March 31, 2017. On May 8, 2017, The Palace requested Pre-Admission Screening (PAS), and D.A. was evaluated on June 8, 2017, by the Office of Community Choice Options (OCCO). He was found clinically eligible as of June 1, 2017.

Thereafter, the DAR submitted an application for Medicaid benefits on June 27, 2017. Burlington County Board of Social Services, County Welfare Agency (CWA), found D.A. was Medicaid eligible effective June 1, 2017. On August 15, 2017, the DAR requested a fair hearing in the Office of

Administrative Law (OAL), which was granted. The hearing was conducted on February 26, 2018.

On behalf of the CWA, Catherine Kadar testified at the hearing that the nursing facility's "delay in requesting the PAS . . . is what caused the delay in Medicaid eligibility for D.A." In response, D.A.'s counsel stated he "did not possess specific information regarding D.A.'s prior Medicaid eligibility," and that the assisted living facility delayed requesting a PAS on behalf of D.A.

On April 12, 2018, the Administrative Law Judge (ALJ) issued an initial decision and determined that D.A. was eligible for benefits as of June 1, 2017. The ALJ blamed the assisted living facility for failing to request the PAS for D.A. when he was initially admitted there. On May 7, 2018, the DMAHS Director issued a final agency decision adopting the initial decision of the ALJ, concluding that D.A.'s application could not be evaluated until all of the requisite information was provided.

The Director further noted that D.A. was residing in an assisted living facility in Camden County since 2014. On March 31, 2017, D.A.'s Medicaid benefits in Camden County were terminated. In April 2017, he was transferred to an assisted living facility in Burlington County. The PAS was requested on

May 8, 2017, and on June 27, 2017, the DAR filed a new Medicaid application with the Burlington County Board of Social Services.

The Director concluded that N.J.A.C. 10:71-3.15 requires eligibility to be established "in relation to each legal requirement of the program." Consequently, the Director concluded the OCCO was unable to conduct its assessment until June 2017, providing a reasoned basis for D.A.'s eligibility date of June 1, 2017.

While this appeal was pending, we granted DMAHS's motion to supplement the record. Additional documents from the Atlantic County Medicaid Long Term Care Unit showed that D.A. was receiving Medicaid benefits in Atlantic County prior to his moving to Burlington County. The Atlantic County CWA attempted to send D.A. redetermination paperwork, but it was returned as undeliverable. Therefore, D.A.'s benefits were terminated because the redetermination paperwork was not submitted.

This appeal follows, in which D.A. raises the following issues:

> I. The Clinical Eligibility Date For D.A. Should Be Backdated To April 1, 2017 (Which Has Been Appealed Under Docket No. A-2570-17T1), Which In Turn Would Change The Effective Date Of Medicaid Eligibility.
>
> II. It Was A Violation Of State Law For Respondent To Fail To Transfer D.A.'s Medicaid Case From

4

> Camden County To Burlington County With No
> Break in Medicaid Coverage (N.J.A.C. 10:71-
> 3.6).

D.A. further contends DMAHS's decision to affirm June 1, 2018 as the effective date of his Medicaid eligibility was arbitrary, capricious, and unreasonable, in light of the pending companion appeal.

As a threshold matter, an appellate court will not reverse the decision of an administrative agency unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). In cases where an agency head reviews the factfindings of an ALJ, a reviewing court must uphold the agency head's findings even if they are contrary to those of the ALJ, provided the agency head sets forth reasons for his or her findings and they are supported by sufficient or substantial credible evidence in the record. In re Suspension of License of Silberman, 169 N.J. Super. 243, 255-56 (App. Div. 1970); S.D. v. Div. of Med. Assistance and Health Servs., 349 N.J. Super. 480, 483-84 (App. Div. 2002).

We already addressed the issue raised in D.A.'s first point in the companion appeal. Therefore, we now address the argument raised in D.A.s second point.

N.J.A.C. 10:71-3.6 addresses change of county of residence. Subsection (b)(2) provides: "Whenever it is determined that a beneficiary whose application has been validated is planning to change his or her residence from one county to another, it shall be the responsibility of the CWA directors of the two counties concerned to effect the transfer without interruption of medical assistance."

D.A. has not established the applicability of N.J.A.C. 10:71-3.6 to his situation. The clear intent of the regulation is to provide for Medicaid beneficiaries who relocate from one county to another in this State before the eligibility determination is completed and for current beneficiaries who move from one county to another. When D.A. relocated to a Burlington County facility in April 2017, he was neither an applicant nor a beneficiary. His benefits in Camden County were terminated effective March 31, 2017. The DAR did not submit a new application for Medicaid benefits with the Burlington County Board of Social Services until June 27, 2017.

D.A. has not demonstrated that the final determination in this case contravened these well-settled principles. As the Director correctly noted, only

after this information was submitted was the new assessment able to proceed. There are no exceptions to the regulation cited by D.A.

Given our limited scope of review and the controlling law supporting the Director's legal analysis and application of the agency's regulations, we affirm the final decision dated May 7, 2018.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION